## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**BRITTANY COLON,**

                **Plaintiff,**                        **Case No. 17-cv-378**

    **v.**

                                         **Jury Trial Demanded**

**GRAND MARQUIS INN, INC**
840 Wisconsin Dells Pkwy S
Wisconsin Dells, WI 53965

                **Defendant.**

## AMENDED COMPLAINT

Plaintiff, Brittany Colon ("Plaintiff"), by and through undersigned counsel, hereby files this Amended Complaint under Rule 15(c)(1), changing only the name of the Defendant, against Grand Marquis Inn, Inc. ("Defendant"), improperly named as "Grand Marquis Waterpark Hotel and Suites" in the originally filed complaint, and sues for declaratory and injunctive relief, punitive damages, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181 *et seq*., and the 2010 Americans with Disabilities Act (ADA), Wisconsin Statutes §106.52, and alleges as follows:

### <u>JURISDICTION AND VENUE</u>

1.  This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C.

    §§1331 for Plaintiff's claims arising under 42 U.S.C. §12181 *et seq*., based on the

Defendant's continued violation of Title III of the ADA.  *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the lawsuit occurred in Columbia County, Wisconsin.

## PARTIES

3. Plaintiff, BRITTANY COLON, is a resident of the state of Wisconsin, residing in Sun Prairie, Wisconsin, and is otherwise *sui juris*.

4. Upon information and belief, Defendant operates a business on the Real Property, which is subject to this suit, and is located at 840 Wisconsin Dells Pkwy S, Wisconsin Dells, WI 53965 ("Premises").

5. Defendant is authorized to conduct, and is in fact conducting, business within the state of Wisconsin.

## FACTS

6. Plaintiff is the biological mother and legal guardian of a minor born with a rare condition known as 18Q deletion syndrome and extra material on his 8th chromosome.  18Q causes a wide range of medical and developmental concerns.  He is unable to walk, talk, and has difficulty hearing.  He has monthly specialist appointments and weekly therapy sessions.  One treatment that is extremely beneficial involves water, or swim, therapy.  Due to the positive effects of this therapy, swimming has become a favorite activity for him.

7. At the time of Plaintiff's initial attempts to utilize the Premises (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required the use of a handicapped parking space, parking access isle, and the use of a lift for pool

2

and/or jacuzzi accessibility.  Due to the violations on the Premises, Plaintiff is denied full and equal access, as well as full and equal enjoyment, of the facilities, services, goods, and amenities within the Premises, even though Plaintiff is classified as a "bona fide patron."

8.  Plaintiff called the Premises on or about April 11, 2017 attempting to book a stay for her planned trip to Wisconsin Dells.

9.  Plaintiff was told by an agent of the Premises that the Premises did not have a fixed pool lift, nor a mobile pool lift.

10. Plaintiff was told by an agent of the Premises that she "could carry her son down a few stairs into the pool" if she wanted him to use it, and that the Premises had no intentions of purchasing a pool lift.

11. Plaintiff will avail herself, and her son, of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.  Due to the proximity of Wisconsin Dells, her son's love of swimming, and the therapeutic benefits of being in the water, Plaintiff has taken her son there numerous times over the years, and plans to continue taking her son to Wisconsin Dells on an annual basis, if not more frequently.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

12. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-11 of this Complaint as if fully set forth herein.

3

13. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.* Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).

14. Congress found, among other things, that:

   a.  some 43,000,000 American have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b.  historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c.  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d.  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

4

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3),(5) and (9).

15. Congress explicitly stated that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b.  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c.  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

16. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The Premises, which is the subject of this action, is a public accommodation covered by the ADA and which must be in compliance therewith.

17. Defendant has discriminated, and continues to discriminate, against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods,

services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 *et. seq.*, and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

18. Plaintiff has attempted to visit the Premises and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

19. Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

20. Defendant is in violation of 42 U.S.C. §12182 *et. seq.* and the 2010 American Disabilities Act Standards *et. seq.*, and is discriminating against Plaintiff as a result of, *inter alia*, for the specific violation:

    a.  Failure to provide a means of entry for persons with disability such as pool lift chair, sloped entry, transfer wall or transfer platform 2010 ADAAG §242.1 and §1009, whose resolution is readily achievable;

21. Defendant may have additional violations not yet discovered by Plaintiff. Plaintiff was knowledgeable of this violation due to her son's love of swimming and the therapeutic benefits it provides.

22. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 18 above.

23. Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

24. To date, the readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25. Pursuant to the ADA, 42 U.S.C. §12101 *et. seq.*, and 28 CFR §36.304, Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

26. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

27. The above violations are readily achievable to modify in order to bring the Premises or the Facility/Property into compliance with the ADA.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF WISCONSIN STATUTES §106.52

29. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-28 of this Complaint as if fully set forth herein.

30. As a result of the medical condition, Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities such that he is an individual with a disability within the meaning of Wisconsin Statutes §§ 106.50, 106.52.

31. The Premises is a public place of accommodation, within the meaning of Wisconsin Statutes § 106.52.

32. Defendant denied Plaintiff the full and equal enjoyment of a public place of accommodation because of the disability.

33. By denying Plaintiff full and equal enjoyment of a public place of accommodation, Defendant violated Wisconsin Statutes §106.52.

34. Defendant refused to acknowledge the discrimination by responding to Plaintiff's Demand Letter, and willfully continues to discriminate against individuals with disabilities.

**WHEREFORE**, Plaintiff demands judgement against Defendant and requests the following relief:

1. This Court enter an injunction against Defendant preventing them from discriminating against Plaintiff based on the disability;

2. This Court enter an Order requiring Defendant to alter its facilities to make them accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

3.  This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

4.  This Court assess punitive damages pursuant to Wisconsin Statutes § 106.52;

5.  This Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and

6.  This Court award such other and further relief as it may deem necessary, just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all matters as to which she is entitled by law.

Respectfully submitted this 30th day of August, 2017.


**Levine Lyon LLP**
*Attorneys for Plaintiff*
14 West Mifflin Street, Suite 206
Madison, Wisconsin 53703

BY:

Jeremy Lyon
jeremy@levinelyon.com
Wisconsin Bar Number: 1094374